IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER EDWARD WASSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-130-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

On June 20, 2019, petitioner filed with this Court a form *Prisoner's Civil Rights Complaint* wherein he appeared to challenge the constitutionality of a July 14, 2018 prison disciplinary ruling at the Neal Unit in Potter County, Texas, and requested the following relief:

1. a new disciplinary hearing;

2. release from disciplinary confinement;

3. restoration of his line class; and

4. restoration of his forfeited good conduct time.

[ECF 3].  Petitioner's pleading was docketed as a prisoner civil rights complaint brought under 42 U.S.C. § 1983.

After reviewing petitioner's pleading, the Court determined petitioner did not appear to challenge the conditions of his confinement but, rather, challenged a prison disciplinary proceeding which resulted in the forfeiture of previously earned good time credits which could

affect the very fact or duration of his physical imprisonment, and sought relief which could result in a determination that he is entitled to a speedier release from that imprisonment. Noting such claims are properly raised only in a proceeding brought pursuant to 28 U.S.C. § 2254, the Court gave petitioner notice of its intent to re-designate his civil rights complaint under 42 U.S.C. § 1983 as a habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner was instructed to file any objections he had to this re-designation by October 7, 2019, and advised that if timely objections were not received, the Court would enter an Order re-designating his section 1983 complaint as a habeas corpus petition. [ECF 6].

On October 10, 2019, having received no timely objections from plaintiff, the Court re-designated the civil rights complaint filed in this case as a *Petition for a Writ of Habeas Corpus by a Person in State Custody* pursuant to 28 U.S.C. § 2254. Petitioner was forwarded a form habeas corpus petition adopted for use in the Northern District of Texas and ordered to fully complete and file the *Amended Petition for a Writ of Habeas Corpus* with the Court on or before October 23, 2019. Petitioner was further ordered to also file a current certified *In Forma Pauperis* Data sheet from the institution in which he is confined. Petitioner was advised that failure to timely and fully comply with the Court's Order could result in the entry of a recommendation that this case be dismissed. [ECF 7].

As of this date, petitioner has not submitted the ordered form or a new *In Forma Pauperis* Data sheet in compliance with the Court's October 10, 2019 Order and is in direct disregard of an Order of the Court. Nor has petitioner communicated with this Court in any manner since his initial June 20, 2019 pleadings. It is the opinion of the undersigned that petitioner has neglected his case to such an extent that it warrants dismissal.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that this case filed by petitioner CHRISTOPHER EDWARD WASSON be DISMISSED for want of prosecution.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these findings, conclusions and recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 31, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).